# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **DAVID J. PALMITER**<br>**ROSEMARY PALMITER**<br>　　　　　　　　　　　　**Debtor(s)**<br><br>**JOSEPH L. GALLO**<br>**LINDA GALLO**<br>　　　　　　　　　　　　**Plaintiff(s)**<br>　vs.<br>**DAVID J. PALMITER**<br>　　　　　　　　　　　　**Defendant(s)** | **Chapter:**　　7<br><br>**Case No.:**　　5-18-bk-00245 RNO<br>**Adversary No.:**　5-18-ap-00044 RNO |

## OPINION[1]

This is a non-dischargeability Adversary Proceeding. One of the Plaintiffs purchased a number of weapons and collectibles from the Debtor/Defendant. The Complaint alleges that the provenance of the purchased items was misrepresented by the Debtor/Defendant. Count II of the Complaint alleges non-dischargeability under the fiduciary exception and Count III alleges non-dischargeability due to willful and malicious injury. On the Debtor's Motion, I will dismiss Count II, with prejudice. Count III will be dismissed, with leave to amend. Further, I will drop Linda Gallo as a party/Plaintiff, with leave to amend.

**I.　Jurisdiction**

This Court has jurisdiction over this matter pursuant 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

---

[1] Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

## II. Facts and Procedural History

On January 23, 2018, David J. Palmiter ("D. Palmiter") and his wife, Rosemary Palmiter ("R. Palmiter") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The required schedules and statements were filed with the bankruptcy petition.

On April 25, 2018, Joseph L. Gallo ("J. Gallo") and Linda Gallo ("L. Gallo") filed a three count non-dischargeability Complaint. The Complaint alleges that over a period of years, J. Gallo purchased a number of items from D. Palmiter. The items generally consisted of antique firearms, knives, and other collectibles (collectively the "Purchased Items"). J. Gallo was listed in the bankruptcy schedules as holding a contingent and unliquidated claim. The schedules include, "Possible Claim Disputed – Amount Unknown."

Count I of the Complaint seeks a finding of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A)[2]. This provision is sometimes referred to as the fraud exception. Count II seeks a finding of non-dischargeability pursuant to § 523(a)(4). This provision is frequently referred to as the fiduciary exception. Count III seeks a finding of non-dischargeability pursuant to § 523(a)(6). This provision is commonly referred to as the willful and malicious injury exception.

On May 29, 2018, D. Palmiter filed a Motion to Dismiss Counts II and III of the Complaint, with prejudice ("Motion"). The Motion also seeks to drop L. Gallo as a party Plaintiff.

Briefs were filed in support of and in opposition to the Motion. A hearing on the Motion was held on September 13, 2018. During oral argument, counsel for D. Palmiter acknowledged that a plausible claim for non-dischargeability under § 523(a)(2)(A) had been pled in Count I of the Complaint. I will next consider the Motion as it relates to Counts II and III. Then I will consider the Motion to drop L. Gallo as a party Plaintiff.

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

## III. Discussion

### A. Non-Dischargeability Generally

In examining a discharge/exception claim under § 523, it is important to note that all alleged discharge exceptions are construed strictly against creditors and liberally in favor of debtors. *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D.Pa. 2013).

### B. Standard to Decide Motions to Dismiss

Under F.R.B.P. 7012(b), to withstand a motion to dismiss, a complaint must state a plausible claim for relief. Generally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), made applicable to adversary proceeding by Fed. R. Bankr. P. 7008. Also, certain matters, including fraud allegations, must be pled with particularity. Fed. R. Civ. P. 9(b); *In re Adalian*, 474 B.R. 150, 158-59 (Bankr. M.D.Pa. 2012).

Generally, detailed factual allegations are not required in a complaint in Federal court. However:

> Plaintiff's obligation to provide the grounds of his entitlement to relief require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).

To withstand a motion to dismiss, a complaint must contain enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard requires more than a sheer possibility the defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

When considering a motion to dismiss, well-pled facts are viewed as being true. However, the same is not true with respect to pled legal conclusions.

> The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a

> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a plausible
> claim for relief. In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to
> "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 210-11 (3d Cir. 2009) (internal citations omitted); *In re EP Liquidation, LLC*, 583 B.R. 304, 314 (Bankr. D.Del. 2018).

    **C.**    **Count II – Non-Dischargeability Under § 523(a)(4)**

The fiduciary exception to discharge provides that a claim is non-dischargeable where it is, "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." 11 U.S.C. § 523(a)(4). The instant Complaint alleges that, over a period of time, D. Palmiter misrepresented to J. Gallo the age and authenticity of many of the Purchased Items. Paragraph 19 of the Complaint alleges, "[t]he Purchased Items Plaintiffs bought from Defendant [D. Palmiter] are counterfeits and fakes and are mere replicas and/or facsimiles lacking the historical significance Defendant attributed to them." Compl., ¶ 19, ECF No. 1.

Further, the Complaint alleges "Defendant [D. Palmiter] owed Plaintiffs [J. Gallo and L. Gallo] a fiduciary duty due to Defendant's assertion of a superior position based on his expertise and experience in military artifacts and the Purchased Items Plaintiffs actually bought from Defendant." Compl., ¶ 32, ECF No. 1. It is also alleged, "[f]urther, Defendant owed a fiduciary duty to Plaintiffs due to Defendant's assumption of a position of trust and influence in guiding Plaintiffs to certain items and controlling their decision regarding which items to purchase." Compl., ¶ 33, ECF No. 1.

Federal law generally controls who is considered a fiduciary for purposes of § 523(a)(4), although state law is relevant to determining whether a trust relationship exists. *LSP Investment Partnership v. Bennett (Matter of Bennett)*, 989 F.2d 779, 784 (5th Cir. 1993), *cert denied*, 510 U.S. 1011, 114 S.Ct. 601, 126 L.Ed.2d 566 (1993); *also see Tudor Oaks Ltd. Partnership v.*

*Cochrane (In re Cochrane)*, 123 F.3d 978, 984 (8th Cir. 1997); *In re Bartlett*, 397 B.R. 610 (Bankr. D.Mass. 2008).

While the Complaint alleges a fiduciary duty was owed, nowhere does it allege the creation of a trust with D. Palmiter serving as a trustee. The Complaint's allegations concentrate on an alleged "confidential relationship" between D. Palmiter and J. Gallo.

In opposing the Motion, the Plaintiffs cite the decision in *Reese v. Pook & Pook, LLC*, 2017 WL 6497340 (E.D.Pa., Dec. 19, 2017). This is not a non-dischargeability action. In that case, District Judge Stengel considered an action brought by Chapter 11 debtors against an auctioneer who had sold a portion of their antique toy collection as part of the bankruptcy reorganization process. The debtors sought damages and injunctive relief in the action. Federal jurisdiction was based upon diversity of citizenship, so the district court applied state substantive law. In *Reese*, one of the complaint's counts alleged a breach of fiduciary duty by the defendant/auctioneer. The district court considered state law to determine whether a confidential relationship had been plausibly pled.

J. Gallo's argument conflates the state law standards for a finding of confidential relationship with the Bankruptcy Code's more stringent requirements to state a plausible claim based upon the fiduciary discharge exception.

The fiduciary fraud exception is triggered by an express or technical trust, not by a constructive trust which a court may impose as an equitable remedy. *In re Patel*, 565 F.3d 963, 968 (6th Cir. 2009); *In re Blaszak*, 397 F.3d 386, 391 (6th Cir. 2005); *In re Halversen*, 330 B.R. 291, 296 (Bankr. M.D.Fla. 2005); *In re Kaczynski*, 188 B.R. 770, 773-74 (Bankr. D.N.J. 1995).

In the court's view, the seller/buyer relationship generally starts as, more or less, a competitive enterprise. The seller seeks to sell to the buyer what he has for the highest attainable price. The buyer, on the other hand, seeks to purchase the best quality goods for the lowest price.

5

It is difficult to imagine, absent compelling special circumstances, how a series of sales and purchases could be transformed into an express or technical trust.

An express trust is created only if the settlor manifests an intention to create it, either by words or conduct. *Gray v. Leibert*, 53 A.2d 132, 135 (Pa. S.Ct. 1947); *In re Vincent J. Fumo Irrevocable Children's Trust, ex rel., Fumo*, 104 A.3d 535, 546 (Pa.Super. 2014). Generally, the settlor's intent is determined by considering the trust document as a whole. *In re Estate of Warden*, 2 A.3d 565, 572 (Pa.Super. 2010).

Mere contractual relationships are less than what is required to establish the existence of a fiduciary relationship for purposes of a fiduciary discharge exception. *Werner v. Hofmann*, 5 F.3d 1170, 1172 (8th Cir. 1993); *In re Glatt*, 315 B.R. 501, 510 (Bankr. D.N.D. 2004).

Four requirements are necessary to establish the existence of an express or technical trust: (1) an intent to create a trust; (2) a trustee; (3) a trust res; and, (4) a definite beneficiary. *Blaszak*, 397 F.3d at 391-92 (internal citations omitted). No intention to create a trust has been pled. No res, or subject matter of a trust, has been identified. Nor has a beneficiary been identified.

The Complaint fails to plausibly plead any of the four required elements for the existence of an express trust. At most, the Complaint alleges a breach of contract and a breach of fiduciary duty under state law. This will not suffice.

In viewing the alleged facts in the light most favorable to J. Gallo and L. Gallo, I conclude that a plausible claim for non-dischargeability under § 523(a)(4) has not been stated.

The Motion requests that Count II of the Complaint be dismissed, with prejudice. Generally, leave to amend should be granted freely when justice so requires. Fed. R. Bankr. P. 7015(a)(2). However, the right to amend the complaint is not absolute. A motion to dismiss may be granted, with prejudice, based upon undue delay, bad faith, repeated failure to cure deficiencies by previously allowed amendments, undue prejudice to the opposing party, or by reason of the futility of amendment. *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004); *Luciani*

*v. City of Philadelphia*, 643 Fed.Appx. 109, 111 (3d Cir. 2016); *Mony Life Insurance Company v. Snyder*, 2016 WL 7374837, at *1 (M.D.Pa., Dec. 20, 2016).

    I find that amendment of the Complaint regarding Count II would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1434 (3d Cir. 1997). I conclude it is inconceivable that the nucleus of facts concerning the transactions between D. Palmiter and J. Gallo would lead to a plausible claim under § 523(a)(4). No express or technical trust has been stated, neither has an applicable statute imposing a fiduciary duty upon D. Palmiter been cited.

    For a claim to be non-dischargeable, a fiduciary duty must have existed prior to the transaction from which the debt arose, and the debt must have arisen as a result of the fiduciary/debtor acting in that capacity. *In re Hartman*, 254 B.R. 669, 672 (Bankr. E.D.Pa. 2000). It is not enough that the debtor becomes chargeable as a trustee *ex maleficio*, where the trust arises at the time the wrong is done. Rather, for the claim to be non-dischargeable, the debtor must have been acting as a trustee before the wrong was done and without reference thereto. *In re Gupta*, 394 F.3d 347, 350 (5th Cir. 2004); *In re Lewis*, 97 F.3d 1182, 1185 (5th Cir. 1996). The Plaintiffs seek non-dischargeability because of the sales transactions for the Purchased Items. Even pleading that a constructive trust should be imposed would not meet the requirements of § 523(a)(4).

    I conclude that an amended complaint concerning Count II would be futile in that, *inter alia*, it could not plead the required elements to show that D. Palmiter was acting as a fiduciary of a trust as required by § 523(a)(4). Count II of the Complaint will be dismissed, with prejudice.

### D. Count III – Non-Dischargeability Under § 523(a)(6)

The so called willful and malicious injury discharge exception provides that a debt is non-dischargeable when it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

The Complaint characterizes any debt owed to the Plaintiffs as a debt for willful and malicious injury. Compl., ¶ 39, ECF No. 1. An action is willful and malicious if the debtor either purposefully caused the injury or it was substantially certain that injury would result. *In re Macri*, 642 Fed.Appx. 128, 129 (3d Cir. 2016); *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994). Willful injury may be established indirectly by evidence of both the debtor's knowledge of the creditor's rights and his knowledge that the conduct complained of will cause particularized harm. An injury is malicious if it was caused by a wrongful act done intentionally and without just cause. *In re Glenn*, 470 B.R. 731, 736 (Bankr. M.D.Pa. 2012). I find that the Complaint alleges D. Palmiter breached his obligations to J. Gallo concerning the authenticity of the Purchased Items. A knowing breach of contract will not ordinarily rise to the level of "willful and malicious." *In re Jacobs*, 381 B.R. 128, 138 (Bankr. E.D.Pa. 2008); *In re Peterson*, 332 B.R. 678, 682 (Bankr. D.Del. 2005).

Some courts have found that the intentional breach of a contract can be willful and malicious where the breach also constitutes an intentional tort, such as conversion. *In re Mitchell*, 227 B.R. 45, 52 (Bankr. S.D.N.Y. 1998). An example would be where a debtor sold a secured creditor's collateral without consent and utilized the proceeds to pay her own back salary. *In re Rezykowski*, 493 B.R. 713, 724-25 (Bankr. E.D.Pa. 2013); *also see In re Giffen*, 195 B.R. 951, 953 (Bankr. M.D.Fla. 1996). It is clear that not all intentional torts meet the willful and malicious standard. Further, not every act of conversion meets the standard. *In re Vepuri*, 2009 WL 2921305, at *8 (Bankr. E.D.Pa., Mar. 25, 2009).

This is not a case where it is alleged that D. Palmiter intentionally destroyed any property in which J. Gallo had an interest. Compare *In re Roodhof*, 491 B.R. 679, 685-86 (Bankr. M.D.Pa. 2013) (debtor removed garage door keypads, a mounted television, and other items, causing damage to plaintiff/creditor's home); *In re Jacobson*, 485 B.R. 255, 263 (Bankr. D.Kan. 2013) (debtor/contractor intentionally set fire to items of property that the plaintiff/creditors had contracted and paid for). I conclude that the Complaint fails to identify an injury to any of J. Gallo's property.

A non-dischargeable claim under § 523(a)(6) can be stated where a debt arose from intentional injury to the creditor's person. *In re Mauz*, 672 Fed.Appx. 176, 178 (3d Cir. 2017) (willful and malicious injury found where debtor intentionally inflicted emotional distress and physically injured his neighbor). The Complaint fails to plead the infliction of any intentional injury upon J. Gallo's person. I conclude that the four corners of the Complaint fail to state a plausible claim for non-dischargeability under § 523(a)(6). Leave of twenty-one (21) days will be granted to allow for the filing of an amended complaint with respect to Count III.

E. **Request to Dismiss the Complaint as to Linda Gallo**

The Motion, *inter alia*, "requests that the Complaint be dismissed as to Linda Gallo . . ." Motion, p 2, ECF No. 5.

The brief filed in support of the Motion contends:

> However, nowhere in the Complaint does it aver any specific interaction or contractual relation between the Defendant [D. Palmiter] and Linda Gallo. The documentation attached to Plaintiffs' own Complaint specifically refers only to Joseph Gallo.

Def.'s Br. in Supp. of Mot. to Dismiss Pl. Linda Gallo and Counts II and III of Pl.'s Compl. ("Brief in Support"), p 3, ECF No. 10.

Fed. R. Civ. P. 17 applies in bankruptcy adversary proceedings. The Rule provides, in part, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *In re Briceno*, 2009 WL 9084775, at *2 (Bankr. E.D.Cal., May 12, 2009).

9

Case 5:18-ap-00044-RNO    Doc 13    Filed 09/26/18    Entered 09/26/18 14:48:59    Desc
Main Document    Page 9 of 11

The Complaint does not allege any interaction between D. Palmiter and L. Gallo regarding the Purchased Items. There are a number of exhibits to the Complaint. The majority are handwritten, and the exhibits include what appear to be correspondence, statements, and the description of an item which presumably was offered for sale. All the exhibits which have an addressee are addressed only to "Joe Gallo."

Paragraph 13 of the Complaint asserts that the Purchased Items were purchased by J. Gallo "individually and as agent for Linda Gallo." The Complaint does not allege any familial or other relationship between J. Gallo and L. Gallo. Nor does the Complaint allege that J. Gallo serves as L. Gallo's legal representative pursuant to a power of attorney, a trust instrument, or a court order.

An agency relationship may be created by: (1) express authority; (2) implied authority; (3) apparent authority; and/or, (4) authority by estoppel. *Washburn v. Northern Health Facilities, Inc.*, 121 A.3d 1008, 1012 (Pa.Super. 2015); *Walton v. Johnson*, 66 A.3d 782, 786 (Pa.Super. 2013); Restatement (Second) Agency, § 1. Further, "[i]t is well settled that neither a husband nor wife has the power to act as agent for the other merely due to the marriage relationship." *Washburn*, 121 A.3d at 1014.

Only in special circumstances does a spouse have apparent authority to act for the other spouse. I conclude that the Complaint is devoid of any such special circumstances. The allegation that J. Gallo made the purchases "as agent for Linda Gallo" is a legal conclusion which is not assumed to be true at this stage of the proceedings.

Fed. R. Civ. P. 21 addresses misjoinder of parties. The rule provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

"The court enjoys broad discretion in deciding Rule 21 motions and may take into consideration the convenience of the parties, avoidance of prejudice to either party, and promotion of the

10

Case 5:18-ap-00044-RNO    Doc 13    Filed 09/26/18    Entered 09/26/18 14:48:59    Desc
Main Document    Page 10 of 11

expeditious resolution of the litigation." *Russell v. Chesapeake Appalachia, L.L.C.*, 305 F.R.D. 78, 81 (M.D.Pa. 2015) (internal citations omitted).

The Complaint fails to show that L. Gallo holds a claim again D. Palmiter. Therefore, I will drop L. Gallo as a party Plaintiff in this non-dischargeability action. J. Gallo will be granted leave of twenty-one (21) days to file an amended complaint showing that L. Gallo is a real party in interest.

### IV. Conclusion

Count II, which is based upon § 523(a)(4), will be dismissed, with prejudice. Count III, which is based upon § 523(a)(6), will be dismissed, with twenty-one (21) days leave to amend. L. Gallo will be dropped as a party/Plaintiff, with twenty-one (21) days leave to amend.

By the Court,

*Robert N. Opel II*

Robert N. Opel, II, Chief Bankruptcy Judge (BI)

September 26, 2018